# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CALHOUN E. CHARLES,

                                        Petitioner,

        vs.

ROY A. CASTRO,

                                        Respondent.

CASE NO.  07cv397-LAB (NLS)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

        On March 2, 2007, Petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He argued the evidence presented at his trial in state court was insufficient to support a conviction, the state court improperly admitted evidence of prior crimes, and the state court improperly sentenced him to consecutive terms. Pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1, this matter was referred to Magistrate Judge Nita Stormes for report and recommendation.

        Respondent filed an answer on June 4, 2007.  Although Petitioner was ordered to file a traverse, he never did so.  On December 7, 2007, Judge Stormes issued her report and recommendation (the "R&R"), discussing in detail the evidence presented at trial, and recommending denial of the writ.  The parties were given an opportunity to file objections to the R&R.

        Petitioner then filed a series of objections, which were all accepted for filing, including a late-filed traverse.  Petitioner did not seek leave to supplement these further, nor did he

seek any additional time in which to do so. The Court construed all Petitioner's filings as his objections to the R&R, considered them, overruled all objections, adopted the R&R, and on April 23, 2009, issued an order denying the writ.

Petitioner then filed a document styled "Order Adopting Report and Recommendation," (the "NOA") which the Court construes as a notice of appeal and request for certificate of appealability. To this, he attached a number of his medical records.

## I.    Legal Standards

A certificate of appealability ("COA") is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000), and *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

## II.    Discussion

### A.    Issues Raised

In the NOA, Petitioner appears to be raising either two or three issues. First, he says his medical problems prevent him from thinking clearly. The Court construes this as an argument that he should have been granted more time in which to object to the R&R. Second, he raises  the question of the sufficiency of the evidence. Third, he raises what might either be part of his sufficiency of the evidence argument or a new argument he has not raised before. Finally, he moved for appointment of counsel. The Court considers each of these issues in turn.

### B.    Petitioner's Medical Problems

According to the medical records Petitioner attached to the NOA, the altercation in late July, 2007 resulted in injury to Petitioner's back, elbow, and head, including contusions

and resultant back pain. He was prescribed Motrin. Recommended treatment for the contusions was rest and elevation of the affected areas, ice packs, and compression bandages. In the fall of 2006, Petitioner had a hematoma excised from his forehead, and as late as the fall of 2008, he suffered from dermatitis. The attached records disclose no other medical problems.

In his first objections to the R&R, filed *nunc pro tunc* to December 26, 2007 (docket no. 11), Petitioner said he had been unable to prepare adequate objections to the R&R because he was being held in administrative segregation without access to the prison library or his legal papers. He did not mention any health problems. Among the supporting materials, Petitioner attached records of an administrative hearing on November 16, 2008, where he first stated he was in good health and ready to proceed with the hearing. (Docket no. 11 at page 7.)

Petitioner then submitted an *ex parte* application, which was filed *nunc pro tunc* to January 2, 2009, in which he sought an extension of time to file objections. The Court construed this as seeking additional time to supplement his objections. In his application, Petitioner cited denial of access to the prison library as well as an administrative complaint he was pursuing against staff members, apparently in connection with the July, 2007 incident. Although he complained of having been beaten and sexually harassed during that incident, he did not mention any ongoing health problems.

Petitioner now claims in the NOA that he is still suffering from a concussion as a result of the incident in July, 2007, that he is on an unspecified medication, and that he is therefore unable to focus on his legal work. The records Petitioner has submitted do not corroborate any of these claims, however. In addition, the Court granted Petitioner all the time he requested to file pleadings, and accepted and considered all pleadings he submitted. No COA is appropriate on this issue.

C.    Sufficiency of the Evidence

The standard of review for a sufficiency of the evidence claim is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court does not "ask itself whether *it* believes the evidence at the trial established guilt beyond a reasonable doubt," *id.* at 318–19, but whether a rational trier of fact could have done so.

The case against Petitioner is laid out in detail in the R&R, which thoroughly analyzes the evidence. (R&R at 3:2–10:14 and nn.12–13, 11:25–13:26.) As set forth in the Court's order denying the writ, Petitioner made only a conclusory argument regarding the sufficiency of the evidence. In the NOA, Petitioner does the same, arguing "somehow the courts got it wrong" and did not understand his argument, and claiming "there was no evidence to link Mr. Calhoun to these crimes . . . ."

Petitioner also summarily appeals to the report of officer Ronald Knuth, who conducted surveillance of a stolen truck connected with the robberies with which Petitioner was charged; Petitioner's argument here is that Officer Knuth's testimony does not link him to the robberies, and he directs the Court "See his report." The only attachment that appears to meet this description is a transcript of Officer Knuth's testimony, attached as Exhibit 1. The testimony tends to identify Petitioner as having driven two trucks connected by physical evidence with several robberies, with his co-defendant as his passenger. Though not as definite as it might be, any discrepancies or uncertainties in the testimony are insufficient to show that no rational trier of fact could have convicted Petitioner, particularly because he has failed to account for the remaining evidence against him.

The Court concludes the standard for issuance of a COA on this issue is not met.

D.    Objections Regarding Evidence Sheets

Petitioner also includes a new argument as follows:

> Based on the evidence sheets and exhibit that was giving to the jury this alone violated Mr. Calhoun rights to a fair trial based on the evidence sheets alone these evidences are not Mr. Calhoun evidences therefore by Mr. Calhoun name on these exhibit sheets that was giving to jury by the courts which is wrong.

Apparently in support of this, he attaches as exhibits 2 and 3 to the NOA the exhibit lists from his trial. Petitioner did not raise this issue in his petition, however, and this is the

first time he has presented this claim to this Court. Even if the Court had had the opportunity to consider this argument, however, and even if it had been exhausted in state court, the writ would still have been denied on the merits. Assuming this is a separate issue and not part of Petitioner's sufficiency of the evidence argument, the Court finds the standard for issuance of a COA is not met as to this issue.

## III.     Conclusion and Order

For the reasons set forth above, the COA is **DENIED**. Because judgment has been entered and there are no further proceedings, Petitioner's request for appointment of counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED:  June 17, 2009

**HONORABLE LARRY ALAN BURNS**
United States District Judge